COPE, Judge.
Colleen Passori appeals a final judgment of dissolution of marriage. We affirm in part and reverse in part.
Lewis Passori petitioned for dissolution of this short-term marriage and requested no other affirmative relief. Colleen Passori counter-petitioned and raised certain property claims. Insofar as pertinent here, a hearing was scheduled on November 15, 1993 to hear a number of motions filed by the wife, who was proceeding pro se. On the eve of the hearing, the wife attempted to cancel it. Because the trial date was less than one month away, the trial court declined to cancel the hearing, and informed the wife that she would be subject to sanctions, which could include the striking of pleadings, if she failed to appear. The wife failed to appear. The trial court struck her pleadings. Consequently the trial proceeded on the husband’s petition, but the wife’s counter-petition was not considered. A final judgment of dissolution of marriage was entered and the wife appeals.
After careful consideration we conclude that under all of the circumstances, the remedy of striking pleadings was too severe. We agree with the trial judge that the wife had repeatedly sought to delay the proceedings, and that the trial court was entitled to insist on adherence to the December 9, 1993 *563 trial date, which had been continued from an earlier date. In this instance the motions scheduled to be heard were all motions filed by the wife. Upon the wife’s nonappearance, the motions could be treated as abandoned. We conclude that the severe sanction of striking pleadings was not justified on the record then existing.[1]
Accordingly, we affirm the final judgment insofar as it dissolves the parties’ marriage. We reverse insofar as the wife’s counter-petition was stricken, and remand for a hearing on the wife’s counter-petition. We caution the wife that this court’s ruling is without prejudice to the trial court to take such steps as are necessary to bring this matter to an early resolution, and to impose sanctions should there be dilatory behavior or disobedience of court orders.
In summary, the final judgment is affirmed insofar as it dissolves the parties’ marriage, and reversed and remanded for a hearing on the wife’s counter-petition.
Affirmed in part, reversed in part, and remanded.
JORGENSON, J., concurs.

. The husband concedes that one of the factors enumerated in the written order striking pleadings, the alleged disobedience by the wife of the court's mediation order, is incorrect.